PRINE *v.* WHITTEN, ADMINISTRATRIX.

[No. 12,844. Filed December 7, 1927. Rehearing denied March 13, 1928. Transfer denied April 25, 1928.]

*John E. Osborn* and *Thomas E. Davidson*, for appellant.
*Hugh D. Wickens* and *Myron C. Jenkins*, for appellee.

McMAHAN, J.—Appellant filed a claim against the estate of Lemuel P. Dobyns, of which appellee May F. Whitten is administratrix. The claim being disallowed, was transferred to the issue docket for trial. Appellee's demurrer having been sustained, a judgment was rendered that appellant take nothing. The error assigned relates to the action of the court in sustaining the demurrer.

Appellant alleged that Amanda Prine Dobyns, a sister of appellant and wife of Lemuel P. Dobyns, died testate in May, 1921, the owner of a one-half interest in 196 acres of land in Decatur county; that by her will she provided that so long as the land was not sold, appellant was to receive one-half of the annual net income from such land during his lifetime; that by the will Lemuel P. Dobyns was appointed trustee for appellant and for his interest in said land, and was also named as executor. Following the probate of the will, Dobyns was duly appointed executor by the Decatur Circuit Court, and thereafter duly qualified and acted both as executor and as trustee for appellant and his interest in the income

from the land so willed to appellant, and that he continued to act as such executor and trustee until his death in December, 1924, following which, appellee May F. Whitten was appointed administratrix of his estate by the Decatur Circuit Court. It is further alleged that during the time Dobyns was acting as trustee, he received and mingled all proceeds and income from the land with his personal funds and appropriated them to his own use, to the detriment of appellant and for the purpose of defrauding appellant of his ownership of and benefit in the trust estate; that in 1922, as trustee, he filed a report which did not correctly state the income from the land; that appellant filed objections to such report and was compelled to employ an attorney to file such exceptions and to represent him in court; that thereafter the trustee filed an amended report, in which he admitted he had in his possession and due appellant $150 in excess of the amount set out in the original report; that the cost and value of the services of such attorney was $30, which was paid by appellant. Following the death of said trustee, the court appointed Jesse L. Whitten as trustee of said trust; that thereafter Whitten, as trustee, undertook to and did file a report; that becuase of the failure of Dobyns to keep any book or record showing any account of the income from the trust estate, it became necessary for Whitten in preparing a report as trustee to estimate the income and expenses in the trust and that, by reason of the dishonest and fraudulent conduct of the former trustee, Whitten could not and did not find or report the greater portion of the income from the trust estate; that, according to the report of Whitten as trustee filed in February, 1925, he showed there was due appellant $521.85; that it became and was necessary for appellant, with his attorney, to check up in detail all the transactions and dealings of Dobyns as trustee; that, in making such investigation,

appellant was compelled to expend in the way of expenses $50, in addition to the services of the attorney he had employed to assist him, all of which was reasonable and necessary in order to procure the facts relative to the trust estate; that after securing such information, he filed objections to the report of the trustee, which objections were sustained by the court and it was adjudged that there was due appellant the sum of $1,494.37; that appellant would not have received from said trust estate a sum in excess of $521.85, if he and his attorney had not made said investigation; that the acts of Dobyns in commingling the trust funds with his own, in failing and refusing to make any payment to appellant or to file reports, were done for the purpose of defrauding appellant of the money due him under the trust; that the value of the services performed by appellant's attorney in the matter of the last report were reasonably worth $300.    The total amount of the claim so filed by appellant was $330 for the services of his attorney and $50 for money paid out by him for necessary expenses.

While several questions have been presented and discussed by the parties in their briefs, the only decisive question relates to the liability of the estate of the deceased trustee for the expenses incurred by appellant in collecting evidence and preparing to sustain his exceptions filed to the report of the second trustee.    If the estate of the former trustee is not liable for such expenses, there was no error in sustaining the demurrer and the judgment must be affirmed.

We have no doubt but that a trustee may be liable for damages occasioned by his negligence in the administration of the trust.    The general rule, however, is that there can be no recovery as damages of the costs and expenses of litigation or of money paid for attorney fees.    A recovery of the amount lost by the trustee because of the mismanagement of the trust es-

tate, plus the statutory costs, is considered sufficient to cover the expenses of litigation and nothing is allowed for loss of time, annoyance or indirect loss. There being no reason shown for excepting this case from the general rule, we hold there can be no recovery in the instant case, and that there was no error in sustaining the demurrer.

Judgment affirmed.

Dausman, J., absent.